■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ZAIRE, Appellant. — Judgment, Supreme Court, New York County (Kenneth Shorter, J.), rendered on April 5, 1983, affirmed. Concur — Sandler, J. P., Asch, Fein and Alexander, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would reduce the sentences in the interest of justice from an effective total of 15 to 45 years to an effective total of 10 to 30 years.

The crimes here involved are horrendous and deserve a very severe punishment. An an original matter, many would say that even 15 to 45 years is not excessive. But we have a system of proportionality of sentences, and we have a duty to avoid disparate sentences. Although the point is not raised in the appellant's brief, the sentences here imposed seem to me to be disproportionately high. In the period that I have sat on this Bench, I have seen literally thousands of criminal sentences, some of them involving B felony crimes even more horrifying than those here involved. The effective total of the present sentences is the heaviest that I have ever seen for crimes that do not include an A felony (or a persistent felony or violent felony offender [Penal Law, §§ 70.08, 70.10]).

Defendant was convicted on six counts, two for rape in the first degree, one for sodomy in the first degree, two for robbery in the first degree, and one for criminal possession of a weapon in the third degree. The Trial Judge, while imposing sentences as to each count considerably less than the maximum sentences permissible and on some counts imposing only the minimum sentences permissible, directed that the sentences for all six counts run consecutively, thus arriving at an effective total of 15 to 45 years.

There were two sets of criminal incidents here (a) rape, sodomy and robbery in a hotel room, and (b) possession of a loaded gun at the time of defendant's arrest. The rapes and sodomy, though separate acts and thus technically separate

crimes, were part of one continuing set of sexual attacks by defendant on the woman victim during a period of 1½ hours (or 2½ hours, the victim was not quite clear) at the hotel. The two robberies also took place during the same criminal encounter, one being the robbery of the woman and one of her male companion.

Solely to arrive at an effective total of imprisonment which I think would be more proportionate to other sentences, I would modify the judgment appealed from to the extent of making all the sentences for the sex crimes run concurrently with each other and consecutively to the other crimes. Thus, the effective total of the three sex crimes would come to 4 to 12 years instead of 9 to 27 years, the effective total of the other crimes would remain at 6 to 18 years, and thus the total effective sentences would be 10 to 30 years.